[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13216
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 89-00004-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY EUGENE LEE,
aka Jed,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 13, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jeffrey Eugene Lee, a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of his counseled 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706. The issue on appeal is whether the district court erred by concluding Lee was not eligible for a reduction because he was subject to a mandatory minimum term of life imprisonment. After review, we affirm.[1]

A sentence reduction under § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(c)(2). The applicable policy statements state that a sentence reduction is not authorized if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction because the amendment does not have the effect of lowering the applicable guideline range. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), *cert. denied.*, *McFadden v. United States*, 129 S. Ct. 965 (2009), and *cert. denied*, 129 S. Ct. 1601 (2009).

_____

[1] "We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).

Here, the district court did not err by denying Lee's motion for relief under § 3582(c)(2) because his guideline range was based on the statutory minimum sentence of life imprisonment and not on the base offense level in § 2D1.1. *See Moore*, 541 F.3d at 1327; *United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir. 2008) (holding a defendant was not eligible for a sentence reduction under Amendment 706 because he "was subject to a statutory mandatory minimum that replaced his original sentencing guideline range"). Lee cannot challenge, in this § 3582(c)(2) proceeding, the district court's original sentencing determination that he was subject to the mandatory statutory minimum penalty. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ( stating "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing"). Finally, to the extent Lee argues the district court would have had the discretion to go below the amended guideline range, his argument is foreclosed by precedent. *United States v. Melvin*, 556 F.3d 1190 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009). Accordingly, we affirm the district court's denial of Lee's § 3582(c)(2) motion.

**AFFIRMED.**